UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GRAND MARINA INVESTORS, LLC**, <br><br> *Plaintiff,* <br><br> v. <br><br> **INTERNAL REVENUE SERVICE**, *et al.*, <br><br> *Defendants*. | Case No. 23-cv-1676-RCL |

## MEMORANDUM OPINION

Between 2018 and 2020, Plaintiff Grand Marina Investors, LLC, submitted two Freedom of Information Act (FOIA) requests to the Internal Revenue Service, seeking documents related to its 2014 federal income tax return. Grand Marina brings this action against the IRS and Acting Commissioner Douglas O'Donnell, alleging that the agency performed an inadequate search and unlawfully claimed various exemptions in its long-delayed responses to these two requests. Before the Court is the defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The defendants argue that the Court lacks subject matter jurisdiction to entertain Grand Marina's claims against Acting Commissioner O'Donnell, and that Grand Marina has failed to state a claim under FOIA due to its failure to exhaust administrative remedies before suing. Grand Marina has additionally moved to propound discovery, which the defendants oppose.

For the reasons contained herein, the Court will **GRANT** the defendants' Rule 12(b)(1) motion to dismiss Acting Commissioner O'Donnell as a party-defendant, **GRANT IN PART AND DENY IN PART** the defendants' 12(b)(6) motion to dismiss the complaint, and **DENY** Grand Marina's motion to propound discovery.

1

I.  **BACKGROUND**

In November 2016, the Internal Revenue Service selected Grand Marina's 2014 federal income tax return for examination. Compl. ¶¶ 4, 15, ECF No. 1. Based on its examination, in May 2017 the IRS sent Grand Marina a Revenue Agent Report, notifying the company that it would be adjusting Grand Marina's 2014 tax return. *Id.* ¶¶ 16–17. In February 2018, the IRS notified Grand Marina that it had 60 days to appeal the agency's forthcoming adjustment by submitting a protest letter to the IRS Independent Office of Appeals, which Grand Marina did in April 2018. *Id.* ¶¶ 17, 19. Grand Marina alleges that, after initially fruitful conversations with the Office of Appeals, the IRS "abruptly changed positions" on its dispute with Grand Marina, eventually forcing the company to submit to an unfavorable settlement agreement in June 2020. *Id.* ¶¶ 20–22.

While its protest was pending, Grand Marina submitted a FOIA request (which the complaint terms the "First Request") to the IRS in September 2018, seeking documents related to the agency's initial examination of Grand Marina's 2014 tax return, the Office of Appeals' proceedings pertaining to Grand Marina's protest, and any communications between the IRS and state and local officials concerning the tax examination. *Id.* ¶ 24. The IRS received the request later that month and replied with an acknowledgment letter in October 2018. *Id.* ¶¶ 26–27. The IRS's letter notified Grand Marina that it would be unable to respond to Grand Marina's request within FOIA's 20-business-day statutory deadline, but that it would provide a complete response by the end of November 2018. *Id.* ¶ 28. The IRS did as it said it would, responding to the First Request in mid-November 2018 (the "First Response"). *Id.* ¶ 28; Hatcher Letter 1, Levin Decl. Ex. D, Compl. Attach. 2, ECF No. 1-2. The First Response indicated that the IRS had located 2,086 pages of responsive records, of which 328 pages would be withheld in full and 43 redacted pursuant to various FOIA exemptions. Hatcher Letter 1–2. The First Response also advised Grand

Marina of its right to an administrative appeal. *Id.* at 3. The IRS avers that Grand Marina did not appeal the First Response, which Grand Marina does not dispute. Cox Decl. ¶ 8, Mot. to Dismiss Attach. 2, ECF No. 12-2.

In March 2020, with its protest still pending, Grand Marina submitted a "renewed" FOIA request (the "Second Request"), which again sought documents related to Grand Marina's 2014 tax return and the Office of Appeals' consideration of the company's protest. Compl. ¶ 31; Levin Decl. ¶ 8. The Second Request was divided into two parts: Part 1a and Part 1b. Second Request, Levin Decl. Ex. E. The IRS received the Second Request in early April 2020, and sent an acknowledgment at the end of that month, more than 20 days after receiving the request. Compl. ¶¶ 32–33. The IRS again notified Grand Marina that it would need additional time to reply, indicating that it would respond with a determination by the end of June 2020. *Id.* ¶ 34.

The IRS unilaterally extended its response window four times, each time notifying Grand Marina of its right to sue. Opp'n to Mot. to Dismiss 13 n.4, ECF No. 13. In July 2021, more than a year after the IRS had initially said that it would respond, the IRS provided a partial response (the "Second Response"), which concerned only Part 1a of the Second Request. *Id.* ¶ 39; Mot. to Dismiss 3, ECF No. 12. Of the 195 documents responsive to Part 1a that the IRS had located, the IRS withheld two in full and partially redacted 12. Compl. ¶ 37. The IRS clearly identified the Second Response as an "interim response," indicated that it was directed only to a discrete subpart of Grand Marina's request, and—unlike the First Response—did not state that Grand Marina could administratively appeal the Second Response. *See* Second Response, Levin Decl. Ex. F. Instead, it noted that the IRS would "continue processing the rest of your request and provide . . . your appeal rights in our final response." *Id.*

Despite the Second Response's suggestions that Grand Marina should wait for the final response before appealing, Grand Marina administratively appealed the Second Response in October 2021, challenging the IRS's use of various FOIA exemptions and the lack of a *Vaughn* index.  *See* Appeal Letter, Levin Decl. Ex. H.  Surprisingly, the IRS accepted and processed Grand Marina's appeal, sending a letter the following month in which the agency upheld its use of exemptions and decision not to provide a *Vaughn* index.  *See* Carrillo Letter, Levin Decl. Ex. I.  Notably, the IRS's response to Grand Marina's appeal advised that Grand Marina had the right to file a complaint in federal district court, and neglected to mention that—for reasons discussed below—Grand Marina's appeal was indeed premature.  *Id.*

Meanwhile, the IRS continued processing Part 1b of the Second Request and finally responded to Grand Marina in October 2022 (the "Third Response"), just over two and a half years after it was submitted.  Nimmo Letter, Levin Decl. Ex. G.  The Third Response indicated that the IRS had located an additional 934 pages of responsive records apart from those identified in the Second Response, of which 28 would be partially redacted and nine withheld in full.  *Id.*  The Third Response notified Grand Marina of its right to administratively appeal within 90 days.  *Id.*

Grand Marina, however, did not appeal the Third Response.  Instead, in June 2023, Grand Marina filed a complaint in this Court, alleging that the IRS had violated FOIA by unlawfully claiming exemptions to which it was not entitled, neglecting to provide a *Vaughn* index, and failing to conduct an adequate search.  Compl. ¶¶ 46–79.  The complaint names the IRS and its Acting Commissioner, Douglas O'Donnell, as defendants.  *Id.* ¶ 5.  Grand Marina requests a declaration that the IRS acted unlawfully, an injunction ordering the IRS to produce wrongfully withheld documents and a *Vaughn* index, and attorney fees and costs.  *Id.*

The defendants filed a motion to dismiss in October 2023, arguing that Douglas O'Donnell should be dismissed as a party-defendant under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and that the complaint should be dismissed in its entirety under Rule 12(b)(6) for failure to state a claim. *See generally* Mot. to Dismiss. Grand Marina filed a response to the defendants' motion, Opp'n to Mot. to Dismiss, to which the defendants have replied, Defs.' Reply, ECF No. 14. Also pending in this dispute is Grand Marina's August 2024 Motion to Propound Discovery, ECF No. 15. The defendants have responded to this motion, Opp'n to Mot. to Propound Discovery, ECF No. 16, and the time for Grand Marina to reply has run out. Both motions are therefore ripe for this Court's review.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1): Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action or a claim over which the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party seeking to invoke the court's jurisdiction bears the burden of demonstrating that it exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional authority to hear the case." *Westberg v. Fed. Deposit Ins. Corp.*, 926 F. Supp. 2d 61, 66 (D.D.C. 2013) (citing *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). When evaluating a Rule 12(b)(1) motion, a court must accept the complaint's factual allegations as true. *Hill v. Smoot*, 308 F. Supp. 3d 14, 18 (D.D.C. 2018) (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993)). However, because the Court has an obligation to independently assure itself of its subject-matter jurisdiction, the plaintiff's allegations "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a [Rule] 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9,

13–14 (D.D.C. 2001) (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1350 (2d ed. 1987)).

### B. Rule 12(b)(6): Motion to Dismiss for Failure to State a Claim in the FOIA Context

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of an action when a plaintiff fails to plead facts that, if accepted as true, suffice to state "a claim . . . that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and "upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The plaintiff must allege enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court considering a 12(b)(6) motion to dismiss must accept the factual allegations in the complaint as true for purposes of the motion, but need not accept "[t]hreadbare recitals of the elements of a cause of action" or credit naked legal conclusions advanced by the plaintiff.  *Id.*

"A FOIA suit is subject to dismissal under Rule 12(b)(6) . . . if a plaintiff fails to exhaust his administrative remedies."  *Freedom Watch, Inc. v. NSA*, 134 F. Supp. 3d 437, 439 (D.D.C. 2015) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003)).  FOIA recognizes two routes to administrative exhaustion: *actual* and *constructive* exhaustion.  To appreciate the difference necessitates an understanding of FOIA's procedural requirements.  After a person initially submits a FOIA request, the agency has 20 working days from the date of receipt to respond with a "determination" of the request.  5 U.S.C. § 522(a)(6)(A)(i).  To constitute a "determination" within the meaning of FOIA, an agency's response "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse."  *Citizens for Resp. and Ethics in Wash.*

6

*(CREW) v. Fed. Elec. Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013). FOIA does not contemplate partial or piecemeal determinations. *Id.* at 186 ("[FOIA] requires that, within the relevant time period, an agency must determine . . . whether a requester will receive *all* the documents the requester seeks.") (emphasis added). After receiving an adverse determination, i.e. one in which the agency expresses that it will withhold or redact documents, the requester has at least 90 days to file his administrative appeal. *Id.* § 522(a)(6)(A)(i)(III)(aa). If the requester timely appeals, the agency has another 20 working days from the date of receipt to respond to the appeal. *Id.* § 522(a)(6)(A)(ii).

If an agency either wholly or partially upholds an adverse determination on appeal, the requester has *actually* exhausted his administrative remedies and may bring suit in federal court. *Jud. Watch, Inc. v. FBI*, 190 F. Supp. 2d 29, 32–33 (D.D.C. 2002). If, on the other hand, an agency fails to render a determination in response to an initial FOIA request or to a timely appeal within the statutory deadline, the requester has *constructively* exhausted his administrative remedies and may sue. *See Barouch v. U.S. Dep't of Just.*, 962 F. Supp. 2d 30, 49 (D.D.C. 2013). But "if the agency cures its failure to respond within the statutory period by responding to the [initial] FOIA request before suit is filed," the requester may no longer proceed under a theory of constructive exhaustion. *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 63–64 (D.C. Cir. 1990). Instead, the requester must file an administrative appeal, and may only sue if the agency upholds its adverse determination on appeal or the statutory deadline for a response runs out. *See id.*

Because FOIA's administrative exhaustion requirement "is prudential rather than jurisdictional, a court is not barred from hearing a claim that has not been exhausted." *Leinenbach v. U.S. Dep't of Just.*, No. 05-cv-0744-GK, 2006 WL 1663506, at *6 (D.D.C. June 14, 2006). That said, when a plaintiff fails to exhaust administrative remedies, dismissal is the norm. *See Lewis v.*

*U.S. Dep't of Just.*, 733 F. Supp. 2d 97, 106 (D.D.C. 2010) ("[A] FOIA suit generally cannot proceed if a plaintiff fails to exhaust his administrative remedies."); *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 99 (D.D.C. 2013) ("Failure to exhaust administrative remedies is *not* a mere technicality . . . ."). In deciding whether to dismiss for failure to exhaust administrative remedies, courts consider whether allowing the suit to proceed would "undermin[e] the purposes and policies underlying the exhaustion requirement, namely, to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review." *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004).

## III.   ANALYSIS

### A.  The Court Lacks Jurisdiction Over Grand Marina's Claims Against O'Donnell

Where a court is "confronted with both a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the Court must first consider whether it has subject-matter jurisdiction." *Hamilton v. United States*, 502 F. Supp. 3d 266, 272 (D.D.C. 2020) (citing *Steel Co v. Citizens for a Better Evn't*, 523 U.S. 83, 94–95 (1998)). Accordingly, before considering the merits of Grand Marina's FOIA claim against either of the defendants, the Court must first establish that it has jurisdiction over each of them.

FOIA imbues federal courts with jurisdiction to "enjoin [an] *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added). However, as numerous courts in this District have recognized, it does not confer jurisdiction over individuals, even in their official capacities. *Santini v. Taylor*, 555 F. Supp. 2d 181, 184 (D.D.C. 2008) (collecting cases). FOIA, then, does not confer upon this Court subject matter jurisdiction to hear Grand Marina's claim against O'Donnell. Grand Marina, apparently conceding this point, agrees to dismiss O'Donnell

8

in its response.  Opp'n to Mot. to Dismiss 19.  Therefore, the Court will grant the defendants' 12(b)(1) motion to dismiss O'Donnell as a party-defendant for lack of subject matter jurisdiction.

### B. Grand Marina's Claims Pertaining to the First Request Must Be Dismissed for Failure to Exhaust Administrative Remedies

It is undisputed that Grand Marina did not appeal the IRS's adverse determination of its First Request.  Nor could the Second Request be contorted into a *de facto* "appeal" of the First Request, even though it sought many of the same records.  *Toensing v. U.S. Dep't of State*, 890 F. Supp. 2d 121, 140 (D.D.C. 2012) (rejecting the theory that "FOIA requesters who failed to exhaust their administrative remedies the first time around could . . . cure any failure to exhaust by simply filing a subsequent duplicative request seeking the same records").  To the extent that Grand Marina still believes that the IRS's withholdings under the First Request were unlawful, its failure to appeal deprived the agency of the opportunity to apply its expertise to the matter and compile a record conducive to judicial review.  Therefore, Grand Marina inexcusably failed to exhaust administrative remedies as to the First Request, and thus failed to state a claim under FOIA.  The defendants' motion to dismiss all claims pertaining to that request will accordingly be granted.

### C. The Motion to Dismiss Grand Marina's Claims Pertaining to Part 1a of the Second Request Will Be Denied, Despite Failure to Exhaust Administrative Remedies

Grand Marina offers a number of arguments in an attempt to persuade the Court that it has exhausted its administrative remedies with respect to Part 1a of the Second Request or, alternatively, that it did not have to do so in the first place.  None are persuasive.  However, because the IRS has undergone a full appeal process with respect to Part 1a, the purposes of administrative exhaustion have clearly been satisfied.  Therefore, the Court will deny the defendants' motion to dismiss with respect to Part 1a of the Second Request.

### 1. Grand Marina Failed to Exhaust Administrative Remedies with Respect to Part 1a of the Second Request

Grand Marina argues that it actually exhausted its administrative remedies with respect to Part 1a of the Second Request by submitting a timely appeal of the IRS's interim Second Response, which the IRS subsequently processed and rejected. This argument fails because the Second Response was not a "determination" subject to appeal within the meaning of FOIA. Insofar as the Second Response conveyed no decision as to Part 1b of the Second Request, it did not demonstrate that the IRS had "gather[ed] and review[ed]" all the documents Grand Marina had requested. *CREW*, 711 F.3d at 186. Further, by articulating only those exemptions that the IRS claimed with respect to Part 1a, it fell short of "communicat[ing] the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents." *Id.* Most importantly, it did not "inform the requester that it can appeal," and indeed it explicitly informed Grand Marina that its appeal rights would be included only with its final response. *Id.* That the Second Response was also labeled as an interim response, rather than a determination, is icing on the cake. Because Grand Marina did not appeal a "determination" within the meaning of FOIA, its appeal was premature, and it cannot claim to have actually exhausted its administrative remedies.

Grand Marina's constructive exhaustion argument fares no better. True, the IRS failed to render a determination of Grand Marina's Second Request within FOIA's 20-day deadline, instead taking over two years to issue its final response. Grand Marina could have sued under a theory of constructive exhaustion during this window of delinquency. But it did not, and the IRS ultimately sent its determination (the Third Response) in October 2022, about eight months before Grand Marina initiated this action. By doing so, the agency cured its default and defeated Grand Marina's constructive exhaustion claim. *See Oglesby*, 920 F.2d at 63–64. Grand Marina's only response is

to argue that it should be rewarded for going "above and beyond" what FOIA required it to do: Grand Marina tried to pursue an administrative appeal of the Second Response *despite* the fact that the IRS did not notify Grand Marina of its right to appeal—a right which, again, it did not yet have—and Grand Marina further permitted the IRS to extend its response deadline multiple times "instead of zipping straight into court." Opp'n to Mot. to Dismiss 11–13. But when it comes to constructive exhaustion under FOIA, excessive forbearance is a vice, not a virtue. Grand Marina let the window of constructive exhaustion pass it by, and earns no brownie points now for having politely sat on its hands.

Because administrative exhaustion is off the table, Grand Marina advances two arguments to get around it. First, Grand Marina argues that the defendants should be judicially estopped from raising an administrative exhaustion defense because Grand Marina relied on the IRS's representations—specifically, the agency's mistaken decision to process Grand Marina's premature appeal and the letter incorrectly notifying Grand Marina of its right to sue—to its detriment. Although there is no doubt that the IRS's careless errors were misleading, nevertheless this argument stumbles right out of the gate: judicial estoppel is only applicable where a party "'adopt[s] a legal position in conflict with one earlier taken in the same or related litigation.'" *In Def. of Animals v. U.S. Dep't of Agric.*, 589 F. Supp. 2d 41, 42 (D.D.C. 2008) (quoting *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982)). Here, Grand Marina alleges only that the IRS's current litigating position is at odds with its pre-litigation conduct. Because the IRS's errors were not part of "the same or related litigation,"—indeed, not part of any litigation at all, but rather part of the administrative process—judicial estoppel cannot apply.[1]

---

[1] It may be that counsel for Grand Marina wrongly conflated the doctrines of judicial and equitable estoppel. However, even if Grand Marina had articulated an equitable estoppel argument, the Court would have rejected it. "To apply equitable estoppel against the government, a party must show that (1) 'there was a definite representation to the party

11

Second, Grand Marina argues that it never needed to exhaust its administrative remedies in the first place because it would have been futile to do so. The D.C. Circuit has acknowledged that administrative exhaustion requirements may be waived in some "exceptional circumstances" where "resort to administrative remedies is 'clearly useless.'" *Commcn's Workers of Am. v. Am. Tel. and Tel. Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994) (quoting *Randolph-Sheppard Vendors of Am. v. Weinberg*, 795 F.2d 90, 105 (D.C. Cir. 1986)). However, no court in this Circuit has held that the futility exception applies to FOIA at all, and at least one has roundly rejected it. *See, e.g.*, *Rosenberg v. U.S. Dep't of Immigr. and Customs Enf't*, 954 F. Supp. 2d 1, 13 (D.D.C. 2013) (expressing skepticism that a futility exception applies to FOIA); *Freedom Watch,* 134 F. Supp. 3d at 439 ("[T]here is no futility exception to the exhaustion requirement in FOIA cases."). The Court declines Grand Marina's invitation to invent such an exception today, which would cut against the overwhelming weight of precedent in this Circuit emphasizing the importance of administrative exhaustion. And even if the Court were inclined to do so, there is a firmly established and narrower basis on which to deny the defendants' motion to dismiss with respect to Part 1a of the Second Request.

---

claiming estoppel,' (2) the party 'relied on its adversary's conduct in such a manner as to change his position for the worse,' (3) the party's 'reliance was reasonable' and (4) the government 'engaged in affirmative misconduct.'" *Morris Commc'ns, Inc. v. FCC*, 566 F.3d 184, 191 (D.C. Cir. 2009) (quoting *Graham v. SEC*, 222 F.3d 994, 1007 (D.C. Cir. 2000)). Because a rigid application of equitable estoppel against the government would drastically undermine its ability to enforce the law, *see Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60 (1984), there is a presumption against equitably estopping the government "in any but the most extreme circumstances." *Int'l Union v. Clark*, No. 02-cv-1484-GK, 2006 WL 2598046, at *12 (D.D.C. Sept. 11, 2006). This case does not present such circumstances. The IRS's representation that Grand Marina could sue was not "definite" because it was at odds with the IRS's earlier accurate statement that Grand Marina's appeal rights would accompany its final response. Nor did Grand Marina's reliance on the IRS's error "change [its] position for the worse" because Grand Marina could have simply appealed after receiving the IRS's final determination, as the Third Response instructed it to do. Lastly, the agency's wrongful statement that Grand Marina could sue, although careless, appears to be a mistake rather than the sort of deliberate "misrepresentation or concealment" required to estop the government. *Gen. Acct. Off. v. Gen. Acct. Off. Personnel Appeals Bd.*, 698 F.2d 516, 526 (D.C. Cir. 1983). That the IRS utterly neglected Treasury regulations requiring it to "promptly advise the requester in what respect [its] request or appeal is deficient," 26 C.F.R. § 601.702(c)(1)(i), weighs in Grand Marina's favor, but not enough to overcome the strong presumption against equitably estopping the government.

## 2. The Purposes of Administrative Exhaustion Have Been Satisfied as to Part 1a of the Second Request

As just explained, Grand Marina neither actually nor constructively exhausted its administrative remedies with respect to Part 1a of its Second Request. However, failure to exhaust is not a jurisdictional bar, and a FOIA suit may proceed despite this failure in the rare circumstance where the purposes of administrative exhaustion have been fulfilled. *Wilbur*, 355 F.3d at 677. This is just such a case. Although plainly not required to do so, the IRS accepted and processed Grand Marina's appeal of its adverse interim response to Part 1a. The IRS conducted a fulsome review and reconsideration of the production and exemption decisions contained within its Second Response and replied with a letter upholding each aspect of that response. Therefore, the agency cannot plausibly argue that the instant lawsuit is a "premature interference" with its processes as to Part 1a, *id.*, nor can it argue that the timing of this action has deprived the Court of the IRS's expertise or an adequate record to review.

This decision is supported by *Wilbur v. CIA*, in which a FOIA requester failed to exhaust his administrative remedies by filing an administrative appeal four years after receiving his initial adverse determination, far outside the 45-day window provided by the defendant agency's regulations. *Wilbur*, 355 F.3d at 676. Nevertheless, the agency "accepted the appeal, processed it, reviewed the initial determination and issued a final decision upholding the agency's prior determination." *Id.* at 677. The plaintiff then "availed himself of the right to seek judicial review as the [agency] told him he could." *Id.* Déjà vu. Under these circumstances, the D.C. Circuit held that "the policies underlying the exhaustion requirement ha[d] been served," and that the court could therefore reach the merits of the plaintiff's claims. *Id.* at 677–78.

13

The case at hand is distinguishable from *Wilbur* in only one sense. In *Wilbur*, the agency made an initial determination which the plaintiff appealed too late, whereas in this case the plaintiff appealed an agency response that was not a "determination" at all. But this is a distinction without a difference: the cases differ only as to *how* the plaintiff failed to exhaust administrative remedies, which has no bearing on whether the case should proceed *despite* the failure to exhaust administrative remedies. Because the purposes of administrative exhaustion have been served, and in light of Grand Marina's evidently good-faith efforts to exhaust administrative remedies with respect to Part 1a of the Second Request, the defendants' motion to dismiss Grand Marina's claims pertaining to this part of the request will be denied. *See also Leinenbach*, 2006 WL 1663506, at *6 (excusing a plaintiff's failure to exhaust administrative remedies where his efforts to exhaust were "taken in good faith and pursuant to the vague directions given by the agency itself").

### D. Grand Marina's Claims Pertaining to Part 1b of the Second Request Are Dismissed for Failure to Exhaust Administrative Remedies

Grand Marina's arguments with respect to Part 1b of the Second Request can be dispensed with quickly, because the Court has already explored and rejected them in its foregoing analysis. Grand Marina did not actually exhaust its administrative remedies because it did not appeal the IRS's Third Response, which contained the agency's determination as to Part 1b. Nor did Grand Marina constructively exhaust its remedies, because it filed suit long after the IRS issued its determination. Grand Marina's estoppel and futility arguments fail for the reasons already articulated above. And unlike Part 1a, allowing Grand Marina's claims as to Part 1b to proceed without the benefit of the IRS's review would clearly thwart the purposes of exhaustion by depriving the Court of a fulsome administrative record and the agency's experience interpreting

FOIA exemptions. Accordingly, the Court will grant the defendants' motion to dismiss Grand Marina's claims pertaining to Part 1b of the Second Request for failure to state a claim.

### E. Grand Marina's Motion to Propound Discovery Will be Denied for Noncompliance with Local Civil Rule 7(m)

Grand Marina moves "to conduct discovery related to the IRS' intent and reasoning behind its multi-year effort to prevent Grand Marina from accessing its own tax return information." Mot. to Propound Discovery 3. However, Grand Marina did not confer with the defendants prior to filing this non-dispositive motion or certify that it did so, as is required by Local Civil Rule 7(m). *See* Mot. to Propound Discovery; Opp'n to Mot. to Propound Discovery 6. "[A] litigant's 'violation of Local Civil Rule 7(m) is, on its own, reason to deny their motion.'" *Johnson v. ACB Ideas, LLC*, No. 23-cv-2944-RCL, 2024 WL 3225994 (D.D.C. June 28, 2024) (Lamberth, J.) (quoting *12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 316 F. Supp. 3d 22, 24 (D.D.C. 2018)). This motion is therefore denied due to Grand Marina's procedural default.[2]

## IV. CONCLUSION

"Men must turn square corners when they deal with the Government." *Rock Island, Ark. & La. R.R. Co. v. United States*, 254 U.S. 141, 143 (1920). Grand Marina failed to exhaust administrative remedies with respect to its First Request and Part 1b of its Second Request. Accordingly, Grand Marina has failed to state a claim under FOIA as to these Requests, and the

---

[2] Even if Plaintiff had abided by Rule 7(m), "in the FOIA context, courts have permitted discovery only in exceptional circumstances where a plaintiff raises a sufficient question as to the agency's good faith in searching for or processing documents." *Cole v. Rochford*, 285 F Supp. 3d 73, 76 (D.D.C. 2018). The IRS identified a large number of documents responsive to Grand Marina's requests, and withheld and redacted only a small fraction of those. Although the Second and Third responses were delayed, "[c]ourts routinely find that delays in responding to FOIA requests are not, in and of themselves, indicative of agency bad faith." *Skurow v. U.S. Dep't of Homeland Sec.*, 892 F. Supp. 2d 319, 326 (D.D.C. 2012). Finally, Grand Marina's reference to 26 U.S.C. § 6103(e) to show bad faith is inapt, because even though that statute provides for disclosure of a person's tax return upon his written request, the government may "rely[] on an otherwise applicable FOIA exemption" even if "a non-FOIA statute requires disclosure." *EduCap Inc. v. IRS*, No. 07-cv-2106-RMC, 2009 WL 416428, at *4 (D.D.C. Feb. 18, 2009).

defendants' motion to dismiss will be **GRANTED** as it pertains to them. "But it is also true ... that 'the Government should turn square corners in dealing with the people.'" *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020) (quoting *St. Regis Paper Co. v. United States*, 368 U.S. 208, 229 (1961) (Black, J., dissenting)). The IRS's mistaken decision to accept and process Grand Marina's procedurally defunct appeal has neutralized its otherwise meritorious administrative exhaustion defense. Therefore, the defendants' motion to dismiss will be **DENIED** as to Grand Marina's claims arising from Part 1a of the Second Request. Additionally, the defendants' motion to dismiss Douglas O'Donnell as a party-defendant will be **GRANTED**, and the defendants' motion to propound discovery will be **DENIED**. A separate Order shall issue consistent with this opinion, pursuant to which the IRS shall file an answer to the Grand Marina's complaint. The parties will then meet and confer to agree upon a briefing schedule for summary judgment motions.

Date: September 20, 2024

Royce C. Lamberth
United States District Judge