UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GRAND MARINA INVESTORS**,

*Plaintiff,*

v.

**INTERNAL REVENUE SERVICE**,

*Defendant.*

Case No. 1:23-cv-1676-RCL

## MEMORANDUM OPINION

After the Internal Revenue Service ("IRS") audited Plaintiff Grand Marina Investors' ("Grand Marina") 2014 partnership tax return, the parties pursued a settlement. Near the end of the negotiations, the IRS abruptly changed its settlement offer and required Grand Marina to accept terms less favorable than what the parties had discussed. Grand Marina later filed two requests pursuant to the Freedom of Information Act ("FOIA") to obtain records related to the IRS's change of position. In this case, Grand Marina sued the IRS alleging that (1) the IRS's search for responsive documents was inadequate, and (2) that the IRS improperly invoked FOIA's statutory disclosure exemptions to redact documents it provided in response. In 2024, the Court dismissed Grand Marina's case with respect to its first FOIA request and much of its second FOIA request. *See Grand Marina Investors, LLC v. Internal Revenue Serv.*, No. 23-cv-1676-RCL, 2024 WL 4253095 (D.D.C. Sept. 20, 2024). The IRS now asks the Court to enter summary judgment in its favor on the remaining issues. *See* Mot. Summary J., ECF No. 27. Because the Court concludes that Grand Marina failed to administratively exhaust its challenge to the IRS's search and that the IRS properly invoked the applicable FOIA exemptions, the IRS's motion for summary judgment will be **GRANTED**.

1

## I. BACKGROUND

### a. Factual Background[1]

In late 2016, the IRS began examining Grand Marina's Form 1065 for tax year 2014, which reports partnership income tax, resulting in an "adjustment." *See* Pl.'s Statement of Undisputed Material Facts ¶¶ 1–2, ECF No. 31-1 ("Pl's Fact Statement").[2] Grand Marina filed a timely protest letter with the IRS Independent Office of Appeals ("IRS Appeals") on April 12, 2018. *Id.* ¶ 4. Grand Marina and the IRS negotiated and provisionally agreed on the terms of a settlement. *Id.* ¶¶ 5–6. But at the eleventh hour, "the IRS Appeals Officers handling Grand Marina's case abruptly changed their positions." *Id.* ¶ 6. The IRS and Grand Marina ultimately signed a settlement agreement on July 9, 2020, but the settlement "contained terms less favorable to Grand Marina than originally agreed to by IRS Appeals." *Id.* ¶ 7.

Grand Marina then filed two FOIA requests seeking documents related to the foregoing events. *See* Def.'s Statement of Undisputed Facts, ¶ 1, ECF No. 27-1 ("Def.'s Fact Statement"). The Court has dismissed Plaintiffs' claims related to the first request and Part 1(b) of the second request. *Id.* ¶ 2 (citing *Grand Marina Investors*, 2024 WL 4253095, at *1). Only Part 1(a) of the second request is at issue in the instant motion.

---

[1] The following facts are undisputed except as noted. Grand Marina contends that it cannot respond to many of the IRS's proposed material facts without discovery. Because discovery is inappropriate, *see infra* Pt. III.c, those facts are deemed undisputed.

[2] Under D.D.C.'s local rules, an opposition to a motion for summary judgment must "be accompanied by a separate concise statement" of genuine disputes of material fact, "which shall include references to the parts of the record relied on to support the statement." D.D.C. Local R. 7(h)(1). For many of its assertions of undisputed material facts, Grand Marina cites only the Complaint. *See, e.g.*, Pl's. Fact Statement ¶ 1. Even though "factual material . . . must be viewed in the light most favorable to the nonmoving party" on summary judgment, "more is necessary than mere assertions in the pleadings." *Potts v. Howard Univ. Hosp.*, 843 F. Supp. 2d 101, 105 (D.D.C. 2012) (emphasis and internal quotation marks omitted) (quoting *Bloomgarden v. Coyer*, 479 F.2d 201, 208 (D.C. Cir. 1973)). The allegations that Grand Marina now cites on summary judgment, however, are supported by the Declaration of Michelle Abroms Levin that Grand Marina filed alongside the Complaint, so the Court will treat them as properly supported for purposes of summary judgment. In any case, the IRS does not raise any dispute to the facts or their support. *Cf.* D.D.C. L.R. 7(h)(1).

In late March or early April 2020,³ the IRS received Grand Marina's second FOIA request. Part 1(a) of the request sought:

> All documents created or obtained by the IRS Office of Appeals during or in connection with Appeals' consideration of the IRS' proposed adjustment to the Taxpayer's Form 1065 for the tax year ending December 31, 2014. This request includes . . . [a]ny memoranda, notes, analyses, valuation reports prepared by any Appeals Officer, Appeals Engineer, [or] Appeals personnel.

Def.'s Fact Statement ¶ 3. The IRS provided a response to Part 1(a) of the request on July 19, 2021. *Id.* ¶ 22. The response included 195 pages of responsive records, 181 of which were provided in full, twelve of which were provided with redactions, and two of which were withheld in full. *Id.* Grand Marina appealed several months later. In its appeal, Grand Marina argued "the redactions were inappropriate and that the FOIA exemptions invoked by the Service did not apply." *Id.* ¶ 23. Grand Marina did not appeal "the adequacy of the [IRS's] search for records." *Id.* The IRS denied the appeal on November 2, 2021. *Id.*

### b. Procedural History

Grand Marina filed this lawsuit on July 9, 2023. *Id.* ¶ 24. The Complaint alleged, among other things, that "(a) the [IRS's] search for responsive record was inadequate, and (b) the FOIA exemptions cited by the [IRS] were improper." *Id.*⁴ After the Court granted in part and denied in part the IRS's motion to dismiss, the IRS answered the Complaint and provided a *Vaughn* index with respect to Part 1(a). *Id.* ¶¶ 25–27. The IRS also produced additional records to Grand Marina around that time; following further review of the records, the IRS released a total of 186 pages of responsive records in full and redacted nine pages in part. *Id.* ¶ 27.

---

³ The IRS states that it received Grand Marina's second FOIA request on March 25, 2020, whereas Grand Marina states that the IRS received the request on April 2, 2020. *See* Pl.'s Fact Statement ¶ 3. This dispute is not material.

⁴ Grand Marina disputes this description of the Complaint's allegations on the ground that it does not provide "a comprehensive summary of the allegations," but it does not dispute that the description is accurate with respect to the allegations that it describes. *See* Pl.'s Fact Statement ¶ 24.

In the *Vaughn* index, the IRS justified the remaining redactions pursuant to the following exemptions:

- FOIA Exemption 3, which exempts documents that are "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). The IRS asserts that 26 U.S.C. § 6103(b)(2) requires withholding the relevant information.

- FOIA Exemption 5, which exempts information subject to certain privileges, including, as relevant here, the deliberative process privilege. *See* 5 U.S.C. § 552(b)(5) ("the Deliberative Process Exemption").

- FOIA Exemption 7(E), which exempts information "compiled for law enforcement purposes" that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *Id.* § 552(b)(7)(E) ("the Law Enforcement Exemption").

Ex. to Decl. of J. Benjamin Wilburn, ECF No. 27-7 ("*Vaughn* Index"). The IRS invoked the exemptions with respect to each document as follows:

| Document Identifier | Document Description | Exemption |
|---|---|---|
| GMIFOIA010 | Appeals Memorandum dated January 13, 2020 | Exemption 5/deliberative process privilege Exemption 7(E) |
| GMIFOIA011 | Appeals Memorandum dated January 13, 2020 | Exemption 7(E) |
| GMIFOIA015 | Appeals Memorandum dated January 13, 2020 | Exemption 7(E) |
| GMIFOIA018 | Appeals Memorandum dated January 13, 2020 | Exemption 5/deliberative process privilege Exemption 7(E) |
| GMIFOIA025 | Appeals Memorandum dated January 13, 2020 | Exemption 5/deliberative process privilege Exemption 7(E) |

| GMIFOIA026 | Appeals Memorandum dated January 13 2020 | Exemption 5/deliberative process privilege  Exemption 7(E) |
|---|---|---|
| GMIFOIA186 | IDRS Transcript | Exemption 3/26 U.S.C. § 6103(b)(2)  Exemption 7(E) |
| GMIFOIA194 | Undated Appeals Summary | Exemption 5/deliberative process privilege  Exemption 7(E) |
| GMIFOIA195 | Undated Appeals Summary | Exemption 7(E) |

*See Vaughn* Index at 1–3.

  As shown above, the IRS invoked Exemption 3 and 22 U.S.C. § 6103(b)(2) as to one document; Exemption 5 and the deliberative process privilege as to five documents; and Exemption 7(E) as to all documents. The IRS moved for summary judgment on January 21, 2025. *See* MSJ. After receiving an extension, Grand Marina timely filed an opposition on February 11, 2021. *See* Response to Mot. for Summ. J., ECF No. 31; Order of Feb. 4, 2025, ECF No. 30 (extending response deadline). Following its own request for an extension, the IRS replied on March 4, 2025. *See* Reply, ECF No. 34; Order of Feb. 21, 2025, ECF No. 33 (extending reply deadline). The motion is now ripe.

## II. LEGAL STANDARDS

### a. Summary Judgment and FOIA

  "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As applied in a FOIA case, an agency may be entitled to summary judgment if it demonstrates that (1) no material facts are in dispute, (2) it has conducted an adequate search for responsive records, and (3) each responsive record it has located has either been produced to the plaintiff or is exempt from

5

disclosure. *Miller v. U.S. Dep't of Just.*, 872 F. Supp. 2d 12, 18 (D.D.C. 2012) (citing *Weisberg v. U.S. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980)). "An agency [typically] proves its entitlement to summary judgment through affidavits or declarations, including a *Vaughn* index, explaining its searches and withholdings." *Shem-Tov v. Dep't of Just.*, 531 F. Supp. 3d 102, 108 (D.D.C. 2021) (citation omitted). "If the information in those materials is relatively detailed and non-conclusory and not controverted by either contrary evidence in the record nor by evidence of agency bad faith, then the agency is entitled to summary judgment." *Id.* (citation and internal quotation marks omitted).

### b. Adequacy of the Agency's Search

When an agency receives a FOIA request it is obligated to "conduct a search reasonably calculated to uncover all relevant documents." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (alteration omitted). The adequacy of a search, therefore, depends not on "whether any further documents might conceivably exist," *id.*, but on the search's design and scope. An agency must accordingly show that it made "a good faith effort to conduct a search for the requested records, using methods [that] can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

### c. Exemptions to Disclosure under FOIA

The fruits of such search are not subject to blanket disclosure. Rather, in order "to balance the public's interest in governmental transparency against 'legitimate governmental and private interests [that] could be harmed by release of certain types of information,'" Congress subjected disclosure under FOIA to nine statutory exceptions. *United Techs. Corp. v. U.S. Dep't of Def.*, 601 F.3d 557, 559 (D.C. Cir. 2010) (quoting *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc)). "An agency withholding responsive

6

documents from a FOIA request bears the burden of proving the applicability of the claimed exemptions." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011).

### d. FOIA Exhaustion

With only narrow exceptions, before filing suit in federal court, FOIA requesters "must exhaust administrative appeal remedies before seeking judicial redress." *Citizens for Responsibility & Ethics in Wash. ("CREW") v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) (Kavanaugh, J.). In general, FOIA exhaustion requires that a plaintiff (1) file a FOIA request with the agency and then (2) appeal the denial of that request within the agency. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Within that appeal, the requester must raise each issue before the agency that they later intend to pursue in court. *See Wiggins v. Nat'l Credit Union Admin.*, No. 05-cv-2332-RCL, 2007 WL 255944, at *6 (D.D.C. Jan. 30, 2007) ("A failure to exhaust precludes a determination on the merits of a FOIA claim if the agency 'had no opportunity to consider the very issues that [Plaintiff] has raised in court.'" (quoting *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003))).

Because FOIA exhaustion does not implicate subject-matter jurisdiction, the "[f]ailure to exhaust . . . does not always *require* dismissal." *Bartko v. U.S. Dep't of Just.*, No. 17-cv-781-JEB, 2018 WL 4608239, at *13 (D.D.C. Sept. 25, 2018) (citing *Hidalgo*, 344 F.3d at 1258). A court may thus reach the merits of an unexhausted claim if doing so would not undermine the "purposes and policies underlying the exhaustion requirement." *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 25 (D.D.C. 2008). In the FOIA context, those policies are "to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review." *Wilbur v. CIA*, 355 F.3d

675, 677 (D.C. Cir. 2004); *see also ACLU v. U.S. Dep't of Just.*, 655 F.3d 1, 5 (D.C. Cir. 2011) (explaining that Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny" (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976))).

### III. ANALYSIS

To prevail on summary judgment, the IRS must show that (1) there is no genuine dispute of material fact, (2) it conducted an adequate search for responsive records, and (3) each responsive record it has located has either been produced to the plaintiff or is exempt from disclosure. *Miller*, 872 F. Supp. 2d at 18. The standard is met here. As set forth below, Grand Marina failed to administratively exhaust its challenge to the adequacy of the IRS's search; the IRS's invocation of the FOIA exemptions meets the applicable legal standards; and Grand Marina has shown neither a genuine dispute of material fact based on the current record, nor any other reason as to why it is entitled to discovery.

#### a. Adequacy of IRS's Search

The IRS contends its search for responsive records satisfied FOIA requirements and that Grand Marina failed to exhaust its challenge in its appeal before the agency. *See* Mem. in Supp. of Summary J. at 3–8, ECF No. 27-2 ("Def.'s Mem."). The Court agrees with the IRS that Grand Marina's challenge to the adequacy of this search was subject to exhaustion and Grand Marina did not raise the issue before the agency, so it declines to reach Grand Marina's contention about the adequacy of the search.

As the Court has already explained, in general, FOIA requesters "must exhaust administrative appeal remedies before seeking judicial redress," *CREW*, 711 F.3d at 182. To satisfy this requirement, at a minimum, Grand Marina needed to file a FOIA request with the IRS

8

and then appeal the denial of that request to the IRS.[5] *See Oglesby*, 920 F.2d at 61. Exhaustion also requires FOIA requesters to raise each issue before the agency that they later intend to pursue in court. *See Wiggins*, 2007 WL 255944, at \*6 (quoting *Hidalgo*, 344 F.3d at 1259). Consequently, the exhaustion requirement counsels that the Court should not reach an issue that the FOIA requester did not include in their administrative appeal. In this case, there no question that Grand Marina's appeal did not raise the adequacy question to the IRS: Grand Marina *concedes* that it "did not challenge the adequacy of the Service's search for records" in its FOIA appeal within the IRS. Def.'s Fact Statement ¶ 23; *see also* Pl's Fact Statement at 6 (noting that the foregoing fact is "[u]ndisputed"). The IRS therefore "had no opportunity to consider the very issues" that Grand Marina now "raise[s] in court." *Hidalgo*, 344 F.3d at 1259. Grand Marina failed to exhaust the adequacy issue.

Nor can the Court overlook Grand Marina's failure to exhaust the adequacy of the search. The most glaring reason is that Grand Marina has not raised any ground for excusing exhaustion in its summary judgment briefing. *Cf.* Pl's Resp. in Opp'n to Def.'s Mot. to Dismiss at 9–10, ECF No. 13. In fact, Grand Marina's opposition to summary judgment does not so much as acknowledge, let alone address, the exhaustion analysis that the IRS raises in its opening briefing. *See* Mem. Opp'n Summary J. at 7–10, ECF No. 31-2 ("Mem. Opp'n"). The only reference to exhaustion in the opposition papers is a passing mention that the plaintiff won the exhaustion issue at the pleading stage. *Id.* at 2, 4. But to the extent Grand Marina assumes that their meager reference to the 12(b)(6) ruling can overcome the IRS's exhaustion argument at summary

---

[5] The duty to exhaust through a formal appeal is triggered only if the agency provides a timely response to the request. *See Judicial Watch, Inc.*, 888 F. Supp. 2d 189, 192–93 (D.D.C. 2012). Here, it is undisputed that the IRS provided a response to the request and that Grand Marina pursued an internal appeal, as the Court previous discussed at length in its 12(b)(6) ruling. *Grand Marina*, 2024 WL 4253095, at \*5–6. The only question related to exhaustion in the instant proceedings is whether Grand Marina exhausted the specific argument that the IRS's search was inadequate.

9

judgment, they are doubly mistaken. Not only is that assumption incorrect for the reasons the Court just explained, but Grand Marina's failure to develop a substantive argument on the issue falls short of its duty as a litigant "to spell out its arguments squarely and distinctly." *Kissinger v. Schneider*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) (citation omitted). The Court thus concludes that because Grand Marina did not exhaust the issue of whether the IRS's search for responsive records was adequate in its appeal to the agency, and Grand Marina has not shown why the failure to exhaust can be overcome, the Court need not reach the merits and concludes that the IRS has met its burden as to the adequacy of its search.

### b. Exemptions

The IRS invokes three exemptions over multiple documents as follows:

| Identifier | Document Description | Exemption |
|---|---|---|
| GMIFOIA010 | Appeals Memorandum dated January 13, 2020 | Exemption 5/deliberative process privilege<br>Exemption 7(E) |
| GMIFOIA011 | Appeals Memorandum dated January 13, 2020 | Exemption 7(E) |
| GMIFOIA015 | Appeals Memorandum dated January 13, 2020 | Exemption 7(E) |
| GMIFOIA018 | Appeals Memorandum dated January 13, 2020 | Exemption 5/deliberative process privilege<br>Exemption 7(E) |
| GMIFOIA025 | Appeals Memorandum dated January 13, 2020 | Exemption 5/deliberative process privilege<br>Exemption 7(E) |
| GMIFOIA026 | Appeals Memorandum dated January 13 2020 | Exemption 5/deliberative process privilege<br>Exemption 7(E) |
| GMIFOIA186 | IDRS Transcript | Exemption 3/26 U.S.C. § 6103(b)(2)<br>Exemption 7(E) |
| GMIFOIA194 | Undated Appeals Summary | Exemption 5/deliberative process privilege<br>Exemption 7(E) |
| GMIFOIA195 | Undated Appeals Summary | Exemption 7(E) |

*See Vaughn* Index at 1–3. Although "[t]here is considerable overlap among the FOIA exemptions," *Inst. for Pol'y Stud. v. Dep't of Air Force*, 676 F. Supp. 3d 3, 4 (D.D.C. 1987), the Court concludes that each has been properly invoked.

### i. Exemption 3: Disclosure Prohibited by Law

FOIA Exemption 3 exempts documents that are "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). The IRS asserts that 26 U.S.C. § 6103(b)(2) requires withholding of the relevant information, which provides that:

> Nothing . . . in any other provision of law, shall be construed to require the disclosure of standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws.

The IRS has asserted Exemption 3 over GMIFOIA186 to support the redaction of Discriminant Index Functions ("DIF") scores from that document, which is the defendants' tax transcript. "DIF scoring is a mathematical technique used to identify tax returns most in need of examination or audit." *Gillin v. IRS*, 980 F.2d 819, 822 (1st Cir. 1992); *see also* Decl. of Andrew C. Keaton ¶¶ 4–6, ECF No. 27-4 ("Keaton Decl."). "The IRS closely guards information concerning its DIF scoring methodology because knowledge of the technique would enable an unscrupulous taxpayer to manipulate his return to obtain a lower DIF score and reduce the probability of an audit." *Gillin*, 980 F.2d at 822. Consequently, many courts have held that DIF scores "are exempt from FOIA disclosure" under Exemption 3 and 26 U.S.C. § 6103(b)(2). *Id.*; *e.g.*, *Buckner v. IRS*, 25 F. Supp. 2d 893, 898–99 (D. Ind. 1998).

Grand Marina makes no effort to distinguish the cases supporting withholding of DIF scores. Instead, they cite a non-FOIA case from the Court of Federal Claims, where the Court noted that under a separate statute, 22 U.S.C. § 6103(h)(4), "a return or return information may be

11

disclosed in a federal judicial or administrative proceeding pertaining to tax administration" if "the taxpayer is a party to the proceeding" "the treatment of an item on a return is 'directly related to the resolution of an issue in the proceeding.'" *Confidential Informant 59-05071 v. United States*, 108 Fed. Cl. 121, 132 (2012); *see also* Mem. Opp'n at 14–15. Grand Marina contends that "[i]n the present case, the Plaintiff, the taxpayer, was a party to the proceeding and the treatment of an item on a return (in this case the DIF score) is directly related to the resolution of an issue in the proceeding — the Examination of the 2014 Tax Return." Mem. Opp'n at 15. This argument is woefully underdeveloped. Recall that § 6103(b)(2) provides that "[n]othing . . . in any other provision of law, shall be construed to require the disclosure of standards used or to be used for the selection of returns for examination." This language notwithstanding, Grand Marina assumes without analysis or any developed argumentation that the disclosure provision in § 6103(h)(4) overcome the strong *nondisclosure* principle contained in § 6103(b)(2). That is insufficient. In any event, Grand Marina fails to explain why the authorization for disclosure as part of a judicial or administrative proceeding confers a right to access such information through FOIA.

The Court thus concludes that the IRS has met its summary judgment burden as to the Exemption 3 redactions to GMIFOIA186.

### ii. Exemption 5: Deliberative Process Privilege

Exemption 5 covers "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption recognizes the "need for claims of privilege when confidentiality is necessary to ensure frank and open discussion and hence efficient governmental operations." *United States v. Weber Aircraft Co.*, 465 U.S. 792, 802 (1984). "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit

of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 8 (2001). "[T]hose privileges include . . . the 'deliberative process' privilege," which recognizes "that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news," with the objective of "enhanc[ing] the quality of agency decisions." *Id.* at 8–9 (internal quotation marks omitted) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)).

To invoke the deliberative process privilege, the agency must demonstrate that the documents at issue are both "pre-decisional and deliberative." *CREW v. U.S. Dep't of Just.*, 45 F.4th 963, 972 (D.C. Cir. 2022). A "pre-decisional" document is one that was "prepared in order to assist an agency decisionmaker in arriving at his decision, rather than to support a decision already made." *Id.* (quoting *Petroleum Info. Corp. v. U.S. Dep't of the Interior*, 976 F.3d 1429, 1434 (D.C. Cir. 1992)). And a "deliberative" document "reflects the give-and-take of the consultative process." *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)). Thus, "[a]n agency invoking the deliberative-process privilege . . . must establish what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Id.* (quoting *Senate of the Commonwealth of P.R. ex rel. Judiciary Comm. v. Dep't of Just.*, 823 F.2d 574, 585–86 (D.C. Cir. 1987)).

In this case, the IRS invokes the deliberative process privilege to apply redactions to five pages across two documents: pages GMIFOIA010, GMIFOIA018, GMIFOIA025, and GIMFOIA026 of an IRS Appeals memorandum from Technical Guidance Coordinator Vanita Myers to Appeals Officer Carol Hemberger, and one page of a corresponding IRS Appeals summary, GMIFOIA195. *See Vaughan Index* at 1–3; Decl. of J. Benjamin Winburn ¶ 20, ECF

13

No. 27-6 ("Winburn Decl."). These documents address "litigation risks before the final resolution of Plaintiff's appeal." Mem. at 11 (citing Winburn Decl. ¶ 20). As the underlying declaration explains, the agency's position is that these documents "are deliberative because they discuss litigation risks and/or reflect [Myers's] recommendations with respect to" the case, and they are "pre-decisional because [they] reflect[] opinions and recommendations of agency personnel that preceded the final resolution of the plaintiff's appeal." Winburn Decl. ¶ 20.

Grand Marina does not dispute the foregoing facts. Instead, it argues that the privilege should not apply here on two grounds. First, it contends that "the deliberative process privilege should be asserted only where there are discussions about what should be the *public policy* of the agency." Mem. Opp'n at 15 (emphasis partially omitted). In their view, because "the IRS has not shown that the [documents] are the birth of a public policy formation," it is not applicable here. Mem. Opp'n at 16. This argument stumbles right out of the gate, as there is no such limitation inherent in the deliberative process privilege. It is well recognized that "records reflecting prosecutors' views on whether the evidence in a case supports initiating a prosecution will qualify for protection under the deliberative-process privilege," even though case-by-case prosecution decisions are not inherently related to the development of formal agency policy. *CREW*, 45 F.4th at 973; *see, e.g.*, *Gov't Accountability Project v. Dep't of Just.*, 852 F. Supp. 2d 14, 26 (D.D.C. 2012); *Kishore v. Dep't of Just.*, 575 F. Supp. 2d 243, 259–60 (D.D.C. 2008); *Jackson v. U.S. Att'ys Off.*, 293 F. Supp. 2d 34, 39–41 (D.D.C. 2003). Courts routinely hold that "[r]ecommendations drafted" in the course of an agency's process of devising "settlement plans . . . plausibly fall within the deliberative process privilege." *Ecological Rights Found. v. U.S. Envtl. Prot. Agency*, 607 F. Supp. 3d 979, 995–96 (N.D. Cal. 2022); *see also COMPTEL v. FCC*, 910 F. Supp. 2d 100, 121 (D.D.C. 2012) (Lamberth, C.J.) (suggesting that "documents 'related to

the FCC's *evaluation of the merits* of settling with SBC' would be exempt from disclosure"). Although Grand Marina cherry picks cases that involved deliberations in advance of policy formulation, such cases are only a subset of the circumstances under which the privilege may apply. *See, e.g.*, *Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 132 (Ct. Cl. 2006) (cited in Mem. Opp'n at 15–16); *Confidential Informant 59-05071 v. United States*, 108 Fed. Cl. 121, 131–32 (Ct. Cl. 2012) (cited in Mem. Opp'n at 16–17). In any event, even Grand Marina's preferred cases recognize that the privilege sweeps more broadly than the plaintiffs would prefer. *See Pac. Gas & Elec. Co.*, 70 Fed. Cl. at 132 (explaining that the "privilege cover documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental *decisions* and policies are formulated" (emphasis added) (quoting *Klamath*, 532 U.S. at 8)). The fact that the redactions related to settlement decisions does not obviate the potential applicability of the deliberative process privilege.

Second, Grand Marina contends that "the deliberative process privilege [sh]ould not apply here because 'the government's intent is squarely at issue.'" Mem. Opp'n at 17 (quoting *Tri-State Hosp. Supply Corp. v. United States*, No. 00-cv-1463-HHK-JMF, 2005 WL 3447890, at *8 (D.D.C. Dec. 16, 2005))). It is true that "when a plaintiff's cause of action turns on the government's intent," the "deliberative process privilege is not appropriately asserted." *In re Subpoena Duces Tecum Served on the Off. of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). Thus, "the privilege has no place in a Title VII action or in a constitutional claim for discrimination . . . because if either the Constitution or a statute makes the nature of governmental officials' deliberations *the* issue, the privilege is a nonsequitur." *Id.* From those cases, Grand Marina argues that "[t]he deliberative process privilege is unavailable to shield what is possibly improper motive, and pulling a settlement without explanation is possibly not proper

15

motive." Mem. Opp'n at 17. But this argument misconstrues the legal standard Grand Marina relies on: the question is not whether the facts could give rise to improper motive,[6] but whether the nature of the "cause of action" invoked by the plaintiff "*turns on* the government's intent." *In re Subpoena*, 145 F.3d at 1424. Thus, the government cannot use the privilege to shield an allegedly corrupt or fraudulent purpose, such as in a case alleging abuse of process and malicious prosecution, *see Tri-State Hosp.*, 2005 WL 3447890, at *1, or fraudulent conveyance, *see In re Subpoena*, 145 F.3d at 1423. The uniform recognition among Courts that the deliberative process privilege falls within the ambit of FOIA Exemption 5 is *ipso facto* indicia that the private right of action under FOIA is not such a claim.

The Court thus concludes that the IRS is entitled to judgment as a matter of law as to the redactions in GMIFOIA010, GMIFOIA018, GMIFOIA025, GIMFOIA026, and GMIFOIA195 pursuant to the deliberative process privilege under Exemption 5.

### iii. Exemption 7(E): Law Enforcement

FOIA Exemption 7(E) allows the exemption of "records or information compiled for law enforcement purposes" if producing such records "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Under D.C. Circuit precedent, "Exemption 7(E) sets a relatively low bar for the agency to justify withholding," requiring only "that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (second alteration in original) (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)).

---

[6] The IRS's settlement conduct, without more, is not indicative of bad faith.

The IRS redacted portions of seven documents pursuant to Exception 7(E). Eight documents—GMIFOIA10–11, GMIFOIA15, GMIFOIA18, GMIFOIA25–26 and GMIFOIA194–95, which are portions of the Myers Memo and summaries thereof—contain redactions because they contain "detailed calculations explaining how Appeals calculates fair market value of conservation easements, as well as litigation risk assessments that help determine whether the IRS will concede or dispute certain legal issues in settlement negotiations." Mem. Supp. at 12 (quoting Winburn Decl. ¶ 21). The IRS contends that these documents are subject to redaction because disclosure would cause the IRS to "be unfairly prejudiced in future settlement negotiations with taxpayers, including plaintiff." *Id.* (citation omitted). Similar IRS information has been subject to withholding under the same exemption. *See Mayer Brown*, 562 F.3d at 1192–94 (affirming Exemption 7(E) withholding of "settlement strategies and objectives, assessments of litigating hazards, [and] acceptable ranges of percentages for settlement" in enforcement of lease-in/lease-out ban (citation omitted) (alteration in original)).

Grand Marina contends these materials cannot be subject to the law enforcement exemption, asserting instead that the IRS Appeals Unit is oriented toward settlement, not law enforcement, so "none of [the] items covered in the memorandum should touch on or disclose law enforcement techniques and guidelines."[7] Grand Marina's supposition that settlement of disputes is not a law enforcement function rings hollow in a system where, for example, "the great majority of criminal cases are resolved by plea bargaining," which is nothing more than a settlement of the charges against a party. *Blackledge v. Perry*, 417 U.S. 21, 37 (1974) (Rehnquist, J., dissenting). Nobody would seriously contend that a presentence investigation report is unrelated to law

---

[7] Grand Marina also argues that "even if some of the memorandum does discuss law enforcement (though it probably should not), the entire memorandum should not be withheld." Mem. Opp'n at 13. According to the *Vaughan* index, the Myers memo was withheld only in part, *see Vaughan* Index at 1, and Grand Marina has not introduced any information that would dispute that fact.

enforcement if it the defendant has pleaded guilty pursuant to a settlement. The premise that settlements cannot be part of law enforcement is therefore flawed as a general matter.

This is especially so in the context of IRS settlements, and the particular type of IRS appeals memoranda at issue here. Section 8.6.2.2 of the Internal Revenue Manual specifically provides that IRS appeals memoranda should include "[i]nformation for Counsel to prepare for trial and to evaluate the settlement proposal." *See* IRM 8.6.2.2 (Aug. 17, 2017). This is precisely the category of information that the D.C. Circuit has held creates a sufficiently high "risk of circumvention of the law" to qualify for withholding under Exemption 7(E). *Mayer Brown*, 562 F.3d at 1194 (citation omitted).

In *Mayer Brown*, the D.C. Circuit was confronted with the question of whether the disclosure of IRS "settlement information"—specifically, "settlement strategies and objectives, assessments of litigating hazards, [and] acceptable ranges of percentages for settlement" related to enforcement of a federal ban on lease-in/lease-out arrangements—was exempted from FOIA disclosure under Exemption 7(E). *Id.* at 1191–92. Answering that question required the Court to analyze the statutory language and purpose. The Court observed that, as a general matter, "enforcement of the tax laws, a largely self-policed obligation, depends heavily on the personal probity of taxpayers and the deterrent effect of severe and certain sanctions." *Id.* at 1192–93. The Court inferred that "the importance of deterrence explains why the exemption is written in broad and general terms." *Id.* at 1193. The statutory language describes exempting any documents whose disclosure "*could* reasonably be expected" to create a "*risk*" of "circumvention of the law." *See id.* (citations omitted). Thus, "[a]lthough the settlement guidelines requested are not 'how to' manuals for law-breakers," the guidelines' "[i]nformation about acceptable settlement ranges" would "affect[] the cost-benefit analysis of potential evaders" if they were to decide that "the risk

18

of a . . . settlement is low enough to gamble and violate the tax laws." *Id.* Or, for another example, disclosure of the IRS's understanding of "[l]itigation hazards," like the types of violations "the IRS does not have the resources to pursue," circumstances that makes "witnesses unsympathetic or hard to find," or the "practical complications for investigating certain types of schemes," would educate "[a] potential evader" on "how to best structure an evasion so as to avoid the maximum enforcement efforts of the IRS." *Id.* at 1193–94. Thus, even though "some legitimate uses of the requested information" might exist, "the potential for misuse amply support[ed] the IRS's argument for exemption." *Id.* Grand Marina's supposition that settlement information is irrelevant to the law enforcement interests reflected in Exemption 7(E) is flatly wrong.[8]

The seventh document — GMIFOIA186 — contains redactions because, as noted earlier, it includes information related to the IRS's DIF scores. Although the Court has already concluded that the DIF score information is subject to withholding pursuant to Exception 3, the Court concludes that DIF scores are also subject to withholding pursuant to Exception 7(E). Recall that DIF scores are the product of formulas that signal which tax filings the IRS should audit by calculating whether a return has "a higher probability of significant tax change" upon investigation. Keaton Decl. ¶ 4. Because disclosure of DIF scoring could therefore enable tax filers to avoid audits by the IRS by manipulating the manner in which they file, courts have generally permitted the IRS to withhold DIF scores pursuant to Exemption 7(E) because such manipulation "could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *see also Goldstein v. Internal Revenue Serv.*, 174 F. Supp. 3d 38, 51 (D.D.C.

---

[8] As to the redactions in the appeal summaries, Grand Marina also contends that "to the extent the undated Appeals summaries listed in the Vaughn index were prepared after the Grand Marina settlement, no 'pending law enforcement proceeding' exists for the law enforcement exemption to apply." Mem. Opp'n at 13. But what matters, according to *Mayer Brown*, is not whether the document predated an enforcement action—that is the standard for the deliberative process privilege—but whether the disclosure of the withheld contents "*could* reasonably be expected" to create a "*risk*" of "circumvention of the law." *Mayer Brown*, 562 F.3d at 1193.

2016). The Court finds the same here, and thus concludes that Exemption 7(E) has been properly invoked over the foregoing documents.

### c. Discovery

"[D]iscovery is the exception, not the rule, in FOIA cases." *Landmark Legal Found. v. EPA*, 959 F. Supp. 2d 175, 183 (D.D.C. 2013) (citations and internal quotations omitted). The limited circumstances in which discovery may be proper include "when there is a genuine issue as to the adequacy of the agency's search, its identification and retrieval procedures, or its good/bad faith." *Tamayo v. U.S. Dept. of Justice*, 544 F. Supp. 2d 1341, 1344 (S.D. Fl. 2008) (citing *Weisberg v. Department of Justice*, 627 F. 2d 365, 371 (D.C. Cir. 1980). Grand Marina briefly suggests that "discovery is warranted related to the IRS' good or bad faith in its multi-year effort to prevent Grand Marina from rightfully accessing documents that it is entitled to access under the FOIA and its failure to produce documents related to its abrupt removal of its initial settlement offer." Mem. Opp'n at 10. But Grand Marina has fallen far short of raising a genuine dispute of material fact. A showing of bad faith must "impugn the agency's affidavits or declarations," or provide some other "tangible evidence." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). As with Grand Marina's earlier discovery motion, *see* ECF No. 15, which the Court denied, *see* ECF No. 19, the plaintiffs offer only threadbare allegations of malintent by the IRS, but no argument or evidence why the specific factual presentation in the IRS's declarations is in question. That does not justify discovery. *See Voinche v. F.B.I.*, 412 F. Supp. 2d 60, 72 (D.D.C. 2006).

## IV. CONCLUSION

Based on the foregoing, the Court will **GRANT** the motion by separate order.

Date: 9-26-25

Royce C. Lamberth
United States District Judge

20